IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: PHILLIP O'BRIANT  MISC. NO. 18-720

\*\*\*\*\*\*

## ORDER TO SHOW CAUSE

"[T]he All Writs Act . . . grants federal courts the authority [to impose pre-filing injunctions] to limit access to the courts by vexatious and repetitive litigants." *Cromer* v. *Kraft Foods No. Am., Inc.,* 390 F.3d 812, 814 (4th Cir. 2004); *see* 28 U.S.C. S 1651(a). A court is to impose a pre-filing injunction "sparingly," but it may be warranted in doing so under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer,* 390 F.3d at 817-18 (citation and internal quotation marks omitted).

When determining whether to employ a pre-filing review system, a court should consider the following factors: (1) "the party's history of litigation, in particular whether he has filed vexatious harassing, or duplicative lawsuits;" (2) if the party files his cases on good faith bases, or only to harass; (3) "the extent of the burden on the courts and other parties resulting from the party's filings;" and (4) if alternative sanctions are adequate. *Id.* at 818. The injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id., see also Thomas* v. *Fulton,* 260 Fed. Appx 594, 596 (4th Cir. 2008).

The Court proposes to issue an injunction to limit the ability of Phillip O'Briant to file Complaints without leave of court.  Since July of 2016, O'Briant, a resident of Baltimore, Maryland, has filed 16 separate civil actions.[1]  All but 2 of these actions were filed during 2018.
,

---

[1] The majority of Plaintiff's cases have been dismissed *sua sponte* or prior to service of process on Defendants.  *See O'Briant v. Atlas Container Corp.*, Civil Action No. JFM-16-2616 (D. Md.); *O'Briant v. Rhodes, et al.,* Civil Action

O'Briant's claims seek relief against persons immune from lawsuit such as the members of the judiciary; concern his general grievances with regard to previously-litigated employment discrimination claims, as well as the agencies and counsel who have participated in those proceedings; and allegations against state employees and agencies emanating from confusion over child support payments. In these actions, O'Briant often seeks relief to which he is not entitled, including mandamus relief, after his previous actions for damages against various individuals and institutions have been dismissed. Many of the claims are duplicative.

It appears from the filings submitted by O'Briant that his claims are not submitted on a good faith basis, are frivolous, and have caused expenditure of considerable resources by courthouse personnel in deciphering the claims raised and processing the papers filed. In fact, it would appear that so long as O'Briant does not prevail against those he perceives are harming him, he will not run out of vexatious claims to file in this Court.

The Court has weighed and balanced O'Briant's baseless filings and the burden he has placed on court personnel with his right of access to the courts, and finds it necessary to consider the issuance of a narrowly tailored pre-filing injunction that will restrict, but not deprive, him of his right of access to the Court.

Consequently, O'Briant is hereby directed to show cause why the Court should not impose an order which directs the Clerk: (1) not to accept for filing any further Complaints filed by O'Briant unless a U.S. District Judge of this Court certifies that the Complaints are filed in

---

No. JFM-17-1050 (D. Md.); *O'Briant v. Rhodes, et al.,* Civil Action No. RDB-18-855 (D. Md.); *O'Briant v. Schaeffer,* Civil Action No. GLR-18-1641 (D. Md.); *O'Briant v. Cox, et al.,* Civil Action No. ELH-18-2099 (D. Md.); *O'Briant v. Mayor, et al.,* Civil Action No. GLR-18-2614 (D. Md.); *O'Briant v. Howard County Office of Human Rights,* Civil Action No. TDC-18-2729 (D. Md.); *O'Briant v. Bana,* Civil Action No. GJH-18-2736 (D. Md.); *O'Briant v. Baltimore City Office of Child Support,* Civil Action No. ELH-18-2750 (D. Md.).

good faith and not for any improper purpose, and that they have a colorable basis in law and fact; (2) to return to O'Briant, under judicial signature, all screened Complaints or other papers submitted that are not accepted for filing; and (3) to destroy all screened complaints or other papers that were returned to O'Briant and re-filed in the Court.

O'Briant shall be granted a period of FOURTEEN (14) DAYS from the entry date of this Order to show cause why the Court should not impose the aforementioned pre-filing injunction. He is cautioned that his failure to file a timely or responsive show cause answer will result in the imposition of the pre-filing injunction without further notice from the Court.

Accordingly, it is this 24th day of October, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Phillip O'Briant SHOW CAUSE within FOURTEEN (14) DAYS from the entry date of this Order why the pre-filing injunction delineated by the Court should not be imposed; and

2. The Clerk SHALL PROVIDE a copy of this Order to O'Briant.

_____/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE