IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

MISC. NO. 18-720

## PLAINTIFF'S RESPONSE TO U.S. DISTRICT JUDGE BENNETT SHOW CAUSE ORDER

Plaintiff Phillip O'Briant, a self-represented litigant, received Judge Bennett's order for him to show cause why the Court should not impose the pre-filing injunction that will deprive him of due process of law.

## STANDARD OF REVIEW

"[T]he All Writs Act... grants federal courts the authority [to impose pre-filing injunctions] to limit access to the courts by vexatious and repetitive litigants." Cromer v. Kraft Foods No. Am., Inc., 390 F.3d 812, 814 (4th Cir. 2004); see 28 U.S.C. S 165(a). A court is to impose a pre-filing injunction "sparingly," but it may be warranted in doing so under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer, 390 F.3d at 817-18 (citation and internal quotation marks omitted). When determining whether to employ a pre-filing review system, a court should consider the following factors: (1) "the party's history of litigation, in particular whether he has filed vexatious harassing, or duplicative lawsuits;" (2) if the party files his cases on good faith bases, or only to harass; (3) "the extent of the burden on the courts and other parties resulting from the party's filings; and (4) if alternative sanctions are adequate. Id. at 818. The injunction must be "narrowly tailored to fit specific circumstances at issue." Id., see also Thomas v. Fulton, 260 Fed. Appx 594, 596 (4th Cir. 2008).

## PLAINTIFF'S RESPONSE TO U.S. DISTRICT JUDGE BENNETT'S SHOW CAUSE ORDER

In the show cause order, Judge Bennett wrote: It appears from the filings submitted by O'Briant that his claims are not submitted on a good faith basis, are frivolous, and have caused expenditure of considerable resources by courthouse personnel in deciphering the claims raised and processing the papers filed. In fact, it would appear that so long as O'Briant does not prevail against those he perceives are harming him, he will not run out of

1

vexatious claims to file in this court. Judge Bennett's Show Cause Order pg. 2.

Vexatious defined. Without reasonable or probable cause or excuse Gardner v. Queen Ins. Co. of America, 232 Mo.App. 1101, 115 S.W.2d 4, 7.

Plaintiff does not agree with Judge Bennett's personal opinion that is not based on law or fact. He also understands that he has the clear legal right to not be deprived of life, liberty, or property, without due process of law, under Amendment 5 of the U.S. Constitution.

Case 1. PHILLIP O'BRIANT v. NESTLE DREYERS ICE CREAM

Plaintiff was harmed from unlawful workplace harassment, illegal retaliation and wrongful discharge from the defendant. He filed an administrative complaint with the EEOC: the EEOC transferred the case to the Howard County Office of Human Rights, in a work-sharing agreement so they could work together to investigate his claims of employment discrimination. In addition, plaintiff was being represented by attorney Tonya Bana. He brought forth a timely legal action pursuant to section 1981 when the EEOC and OHR failed to investigate. Mr. O'Briant filed the complaint on a good faith basis to receive remedy for harm and damages at the hands of defendant, and the complaint is not frivolous.

Case 2. PHILLIP O'BRIANT v. HOWARD COUNTY OFFICE OF HUMAN RIGHTS

Defendant entered into a work-sharing agreement with the EEOC to investigate plaintiff's claims of employment discrimination from Nestle Dreyer's Ice Cream. Under the law, the OHR had the legal obligation to enforce the law against employment discrimination. Defendant failed to fulfil the legal duty of investigating complaints of employment discrimination. As a result of defendant's incompetence, plaintiff has suffered humiliation, embarrassment, mental anguish and economic damages. Plaintiff filed the complaint in good faith, and the case is not frivolous.

Case 3. PHILLIP O'BRIANT v. TONYA BANA

Under contract agreement, defendant agreed, but failed to, investigate plaintiff's claims of employment discrimination from several employers. In addition to not investigating, she intentionally allowed for his Title VII rights to expire. She

2

verbally harassed him on several occasions through email. Even during phone calls. Plaintiff filed the complaint against defendant in good faith and the matter is not frivolous. In fact, if Ms. Bana would have honored the contract agreement, several lawsuits in the courts at the present, would not have been filed.

Case 4. PHILLIP O'BRIANT v. ATLAS CONTAINER CORPORATION

Defendant unlawfully harassed plaintiff, illegally retaliated against him for exercising his free speech right to complain about workplace harassment, and wrongfully discharged his employment. Defendant then argued that plaintiff was terminated for insubordination, but failed to show evidence confirming insubordination on Mr. O'Briant's part. Defendant could have resolved matters with plaintiff on several different occasions, but did not, so plaintiff brought forth legal action in good faith attempt to receive remedy injury. Therefore, the case is not frivolous, and he is entitled to relief as a matter of law.

Case 5. PHILLIP O'BRIANT v. SHERRI RENNER & STEVE MIDGE

Defendant's failed to follow Atlas Container's employee handbook which clearly explains how management should deal with employee complaints against management. Because defendant's disregarded the employee handbook, plaintiff was deprived of life and liberty, without due process of law, which led to him being terminated in bad faith. He has suffered humiliation, embarrassed, mental anguish and economic damages, as a result of defendant's incompetence. Under the law, he is entitled to relief. The complaint was filed in good faith, and the case is not frivolous.

Case 6. PHILLIP O'BRIANT v. BALTIMORE CITY POLICE DEPT.

Defendant's violated plaintiff's constitutional rights when (1) they unlawfully stopped, searched and arrested plaintiff for a crime he did not commit. He was incarcerated for eight (8) months and suffered humiliation, embarrassment, mental anguish and depression, as a result of defendant's incompetence. Plaintiff brought forth legal action against defendant in good faith, and the case is not frivolous.

Case 7. PHILLIP O'BRIANT v. BALTIMORE CITY OFFICE OF CHILD SUPPORT

Defendant intentionally suspended plaintiff's Maryland driver's license while he was in full compliance with his court-

3

ordered child support payments for his child. After notifying employees from child support that his license was unlawfully suspended, --: they refused to remove the suspension causing him to miss a scheduled job interview for gainful employment. Plaintiff then exercised his clear legal right to petition government for a redress of grievances under Amendment 1 of the U.S. Constitution, when he wrote a letter to Governor Larry Hogan of Maryland. Gov. Hogan ignored the petition, so he filed a legal action against defendant, in good faith, to seek remedy for injury. Based on the evidence, the case is not frivolous.

Case 8. PHILLIP O'BRIANT v. GOVERNOR LARRY HOGAN

Defendant took an oath to honor the U.S. Constitution, but failed to act on plaintiff's behalf when he was notified that his driver's license was unlawfully suspended, and he was not able to attend his scheduled job interview due to the unlawful suspension for risk of being arrested for driving on a suspended license even-though the suspension was unlawful. Under Amendment 1 of the U.S. Constitution, plaintiff has the clear legal right to petition government for redress of grievances in which he did by writing a letter to the governor. Gov. Hogan had the clear legal to protect plaintiff from harm and injury; -- and had the authority to compensate plaintiff under the law. Defendant failed to fulfil his legal duty to plaintiff. Therefore, the complaint was filed in good faith, and is not frivolous based on the evidence.

Case 9. PHILLIP O'BRIANT v. CONGRESSMAN JOHN SARBANES

Defendant swore, under oath, to honor the U.S. Constitution, but failed to act on plaintiff's behalf, to protect his rights from being violated, after being petitioned and notified, that employment agencies where not fulfilling the legal duties that they were created to execute. Under Amendment 1 of the U.S. Constitution, defendant had a clear legal obligation to protect plaintiff's civil rights from being violated, but did not. Plaintiff then brought forth a legal action in good faith against defendant, and based on the facts, the case is not frivolous.

Case 10. PHILLIP O'BRIANT v. JAYNE MILLER

Defendant had a legal obligation, to investigate and report misuse of power from public officials, who abused that authority to intentionally violate plaintiff's civil rights. Defendant was aware of plaintiff's hardships, but did nothing to bring awareness to the matters which confirmed that she played a critical part in

the violations of his civil rights being violated. Plaintiff filed the complaint in good faith to seek remedy for relief, and the case is not frivolous based on the evidence to support plaintiff's claims.

Case 11. PHILLIP O'BRIANT v. GAF CORPORATION

Defendant discriminated against plaintiff in the hiring process based on race discrimination. Plaintiff filed a legal action in good faith, after the Maryland Commission on Civil Rights, failed to enforce the laws against unlawful employment discrimination. Mr. O'Briant filed the complaint in good faith, and the case is not frivolous.

## ANALYSIS

Judge Bennett asserts that (1) plaintiff's claims are not submitted on a good faith basis, and (2) are frivolous; yet, he does not specifically name the case that is frivolous, or that was filed in bad faith. From his bald assertion, Judge Bennett, personally believes that he should impose an order directing the Clerk: (1) not to accept for filing any further complaints filed by plaintiff unless a U.S. District Judge of the Maryland court certifies that the complaints are filed in good faith and not for any improper purpose, and that they have a colorable basis in law and fact; (2) to return to plaintiff, under judicial signature, all screened complaints or other papers submitted that are not accepted for filing; and (3) to destroy all screened complaints or other papers that were returned to plaintiff and refiled in the court.

On its face, Judge Bennett is attempting to infringe upon plaintiff's clear legal right to bring forth legal actions against any and all tort-feasors, who intentionally violated his civil rights. This is unconstitutional under the U.S. Constitution, and Judge Bennett has not explained which case was filed by plaintiff in bad faith, or even state a case that was filed that was not based on fact and law. Imposing any order that would deprive plaintiff access to the courts to seek remedy for damages would deprive him of life and liberty, without due process of law. The U.S. Constitution guarantees plaintiff the clear legal right to not be deprived of life, liberty, or property, without due process of law under Amendment 5 of the U.S. Constitution. Each complaint... filed by plaintiff, in the U.S. District Court, was supported with **FACTS** as evidence to support his claims of

5

injustice. In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. Bell Atlantic Corp. v. Twombly, 550 U.S. (2007).

## CONCLUSION

Plaintiff has reason to believe that U.S. District Judge Bennett has a conflict of interest which will prevent him from receiving justice in all legal matters filed with the court considering the fact that he was an attorney for Miles & Stockbridge in the past. Attorneys from the Miles & Stockbridge firm are representing defendant's, at the present, in at least two cases. Also, Judge Bennett may have a friendly relationship with defendant Congressman John Sarbanes.

Finally, Judge Bennett has failed to demonstrate with direct evidence that plaintiff abused the judicial process, as he alleges in his order. Further, Judge Bennett has failed to prove that plaintiff has filed any complaint in bad faith, or that his complaints are frivolous, and without merit. Therefore, the elements to the All Writs Act have not been met, and no order shall be imposed against plaintiff that would deprive him of life and liberty, without due process of law under Amendment 5 of the U.S. Constitution. No one is above the law, or immune from legal action when the alleged misconduct is done with gross negligence or malicious intent. Therefore, Judge Bennett has been warned that if he uses his judicial authority to infringe upon plaintiff's rights... a legal action will be brought against him pursuant to section 1983; and plaintiff will exercise his right under the U.S. Constitution to have Judge Bennett impeached.

Date: 28 October 2018

Respectfully submitted,

*[signature]*

Phillip O'Briant

433 Drew Street

Baltimore, Maryland 21224

(443)314-2958

obriantphil@gmail.com

Phillip O'Briant
453 Newer Street
Baltimore, Maryland 21224

FILED ___ ENTERED
LODGED ✓ ___ RECEIVED

NOV 5 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Felicia C. Cannon, Clerk of Court
United States District Court
of Maryland
101 West Lombard Street
Baltimore 21201