IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: PHILLIP O'BRIANT  MISC. NO. 18-720

\*\*\*\*\*\*

## ORDER

Since July of 2016, Phillip O'Briant, a resident of Baltimore, Maryland, has filed 20 separate civil actions.[1]  All but 2 of these actions were filed during 2018.  Almost all of O'Briant's claims seek relief against persons immune from lawsuit such as the members of the judiciary; concern his general grievances with regard to previously-litigated employment discrimination claims, as well as the agencies and counsel who have participated in those proceedings; and contain allegations against state employees and agencies emanating from confusion over child support payments.  Additionally, he has sought mandamus relief to compel a member of this Court to rule in his favor.[2]  In these actions, O'Briant often seeks relief to which he is not entitled after his previous actions for damages against various individuals and institutions have been dismissed; thus, many of the claims are duplicative in part.

On October 24, 2018, due to O'Briant's vexatious filings, this Court entered an order directing O'Briant to show cause why the Court should not impose a screening order as to his

---

[1] The majority of Plaintiff's cases have been dismissed *sua sponte* or prior to service of process on Defendants.  *See O'Briant v. Atlas Container Corp.*, Civil Action No. JFM-16-2616 (D. Md.); *O'Briant v. Rhodes, et al.,* Civil Action No. JFM-17-1050 (D. Md.); *O'Briant v. Rhodes, et al.,* Civil Action No. RDB-18-855 (D. Md.); *O'Briant v. Schaeffer,* Civil Action No. GLR-18-1641 (D. Md.); *O'Briant v. Cox, et al.,* Civil Action No. ELH-18-2099 (D. Md.); *O'Briant v. Mayor, et al.,* Civil Action No. GLR-18-2614 (D. Md.); *O'Briant v. Howard County Office of Human Rights,* Civil Action No. TDC-18-2729 (D. Md.); *O'Briant v. Bana,* Civil Action No. GJH-18-2736 (D. Md.); *O'Briant v. Baltimore City Office of Child Support,* Civil Action No. ELH-18-2750 (D. Md.); *O'Briant v. Miller,* GLR-18-3252 (D. Md.); *O'Briant v. Hollander,* Civil Action No. JKB-18-3436 (D. Md.).

[2] *See O'Briant v. Hollander,* Civil Action No. JKB-18-3436 (D. Md.).

future filings. *In Re: Phillip O'Briant,* Misc. No. 18-00720 (D. Md.).[3]  On November 5, 2018, the Court received O'Briant's response, which states generally that imposing a pre-filing injunction would deprive him of due process, and noting why, in his opinion, each of his lawsuits was filed in "good faith" and should not be deemed vexatious.  ECF 2.   O'Briant also states that this Court "has a conflict of interest" in considering this matter, that his complaints have not been frivolous and without merit, and that should a pre-filing injunction be entered against him, he will "exercise his right under the U.S. Constitution" to have the undersigned "impeached." *Id.* at 6.

While a court is only to impose a pre-filing injunction "sparingly," it may be warranted in doing so, under circumstances, such as present here, where a litigant continuously abuses the judicial process by filing meritless and repetitive actions. *Cromer* v. *Kraft Foods No. Am., Inc.,* 390 F.3d 812, 817-18 (4th Cir. 2004) (citation and internal quotation marks omitted).  O'Briant's response to the show cause order offers no plausible excuse for the numerous frivolous complaints he has filed in this Court.  Rather, his response is evidence of his intent to continue filing similar actions which have already wasted significant judicial resources  in a misguided effort to strike out and file additional lawsuits naming every individual involved in his frequent (often frivolous) litigation whom he believes is responsible for his failure to recover in those actions.

Given O'Briant's history of vexatious and duplicative litigation, his lack of a good faith basis for pursuing the litigation by submitting a second lawsuit naming others, even after begin provided legal analysis pointing out the deficiencies in his original claims, the burden on the

---

[3] Since this Court signed the Show Cause Order, O'Briant has filed three additional cases, one of which has been dismissed as frivolous (*see O'Briant v. Hollander,* Civil Action No. JKB-18-3436 (D. Md.)), and two that remain pending until disposition of the instant action, to wit: *O'Briant v. Sarbanes,* Civil Action No. CCB-18-3217 (D. Md.) and *O'Briant v. Hogan, et al.,* Civil Action and. RDB-18-3270 (D. Md.).

Court in processing his pleadings, and there being no adequate alternative sanction, pre-filing screening of O'Briant's Complaints is warranted. *See Cromer*, 390 F. 3d at 818 (setting forth factors for determining whether pre-filing review system should be utilized).

Accordingly, it is this 13th day of November, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk SHALL NOT ACCEPT for filing any further complaints or other papers submitted by Phillip O'Briant unless a United States District Judge of this Court determines that the Complaint or papers have a colorable basis in law and fact;

2. The Clerk SHALL RETURN to O'Briant, under judicial signature, all screened complaints or other papers he submits that are not accepted for filing; and

3. The Clerk SHALL DESTROY all screened complaints or other papers that O'Briant attempts to re-file in this Court after they have been returned to him.

_____/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE